IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW P. FLYNN and | ) | |
| STEVEN PIRRO | ) | |
| PLAINTIFF | ) | |
| | ) | |
| V. | ) | Case No. |
| | ) | Plaintiffs Demand a |
| | ) | Trial by Jury on All |
| LASALLE COUNTY, BRIAN TOWNE, KAREN | ) | Claims Allowable |
| DONNELLY, JEFFERY GAITHER, DANIEL GILLETTE | ) | |
| AND EDWARD JAUCH, | ) | |
| DEFENDANTS | ) | |

## COMPLAINT

Now come the Plaintiffs, Matthew P. Flynn and Steven Pirro by their attorneys,

Bertrand Law Office, by Louis L. Bertrand, and hereby brings this action against the

named Defendants, LaSalle County, Brian Towne, Karen Donnelly, Jeffrey Gaither,

Daniel Gillette and Edward Jauch, pursuant to the allegations set forth below, which

are based upon their personal knowledge and belief after thorough investigation of

the facts and the law in this matter and those matters are follows:

## NATURE OF THE CASE

1.      This is a civil action for damages caused to the Plaintiffs pursuant to 42

USC Section 1983, for personal damages to the Plaintiffs caused as a

result of the act and/or omissions of the Defendants individually or acting

in concert with one another acting under the color of state law to deprive

1

the Plaintiff of his rights, privileges or immunities secured by the

Constitution and laws of the Untied States and the State of Illinois.


JURISDICTION


2.      This Court has subject matter jurisdiction of this cause pursuant to 28

        USC Section 1331 and 1343(a)(3) and 42 USC Section 1983, as well as

        jurisdiction of any supplemental State claims pursuant to 28 USC Section

        1367(a).

VENUE


3.      This Court has proper venue of this cause of action pursuant to 28 USC

        Section 1391(b)(1) and (2), in that at least one of the Defendants reside in

        this judicial district and substantial part of the acts and/or omissions that

        give rise to this action occurred in this judicial district.


PARTIES


4.      The Plaintiff, Matthew P. Flynn, is a resident of the City of Acton and State

        of Massachusetts and was arrested on March 12, 2013.  The arrest took

        place in the County of LaSalle and State of Illinois.  Plaintiff was charged

        with a Class 1 felony, possession of cannabis with intent to deliver.  Bond

        was set for him at $1,000,000.00 and he remained incarcerated in the

LaSalle County Jail until he was released after the Circuit Court of LaSalle County ordered his release on December 5, 2013 with the charges eventually being dismissed on September 27, 2017.

5. The Plaintiff, Steven Pirro is a resident of the City of Murray, and State of Utah and was arrested on January 14, 2013. The arrest took place in the County of LaSalle and State of Illinois. Plaintiff was charged with a Class 1 felony, possession of cannabis with intent to deliver. Bond was set for him at $1,000,000.00 and he remained incarcerated in the LaSalle County Jail until he was released after the Circuit Court of LaSalle County ordered his release on November 1, 2013 with the charges eventually being dismissed on September 27, 2017.

6. The Defendant, Brian Towne (herein after referred to as Towne) was elected as the LaSalle County State's Attorney and was the State's attorney at the time the Plaintiff was arrested on March 12, 2013. That while Towne was the State's Attorney he formed a State's Attorney Felony Enforcement Unit (hereinafter referred to as SAFE) presumably pursuant to 55 ILCS 5/3-9005(b) and equipped the members of SAFE with all of the operating costs, equipment and instruction to conduct drug interdiction along and upon the roads and highways of LaSalle county. Towne presumably instructed and directed the SAFE members that they had police powers to make routine traffic stops on the roads and highways of the LaSalle County and legal authority to stop, search and arrest persons, including the Plaintiff traveling on the roads and

highways of LaSalle County.  55 ILCS 5/3-9005(b) did not authorize any of the acts that resulted in the Plaintiff being wrongfully stopped and eventually arrested and incarcerated.

7.    The Defendant, Karen Donnelly (hereinafter referred to as Donnelly) was elected LaSalle County State's Attorney on November 1, 2016 and was sworn in on December 5, 2016 and remains the current State's Attorney of LaSalle County and is a necessary party to this suit pursuant to Federal Rule of Civil Procedure 25(d) as the current State's Attorney and succeeded Towne following the election and swearing in on December 5, 2016.

8.    The Defendant, Jeffrey Gaither (hereinafter referred to as Gaither) was appointed by Towne to participate in the SAFE Unit, pursuant to 55 ILCS 5/3-9005(b), prior to the Plaintiff's arrest and participated in the day-to-day operations of the SAFE Unit under the direction of Towne.  That Gaither during his employment with SAFE was presumably paid by the LaSalle County State's Attorney and took direction directly from Towne or other employees of the LaSalle County State's Attorney's office and with equipment that was supplied to him by Towne's office and thereafter undertook engaging in drug interdiction on the roads and highways of LaSalle County.   Gaither represented himself to members of the public, including the Plaintiff, that he had legal authority to exercise all police powers including power to make routine traffic stops on the roads and highways of the LaSalle County and legal authority to stop,

4

search and arrest persons, including the Plaintiff traveling on the roads and highways of LaSalle County. 55 ILCS 5/3-9005(b) did not authorize any of the acts that resulted in the Plaintiff being wrongfully stopped taken into custody and interviewed and eventually arrested and incarcerated.

9.   The Defendant, Daniel Gillette (hereinafter referred to as Gillette) on information and belief was appointed by Towne to participate in the SAFE Unit, pursuant to 55 ILCS 5/3-9005(b), prior to the Plaintiff's arrest and participated in the day-to-day operations of the SAFE Unit under the direction of Towne. That Gillette during his employment with SAFE was presumably paid by the LaSalle County State's Attorney and took direction directly from Towne or other employees of the LaSalle County State's Attorney's office and with equipment that was supplied to him by Towne's office and thereafter undertook engaging in drug interdiction on the roads and highways of LaSalle County. Gillette represented himself to members of the public, including the Plaintiff, that he had legal authority to exercise all police powers including power to make routine traffic stops on the roads and highways of the LaSalle County and legal authority to stop, search, arrest and interview persons, including the Plaintiff traveling on the roads and highways of LaSalle County. 55 ILCS 5/3-9005(b) did not authorize any of the acts that resulted in the Plaintiff being wrongfully stopped, taken into custody and interviewed and eventually arrested and incarcerated.

10. The Defendant, Edward Jauch (hereinafter referred to as Jauch) on information and belief was appointed by Towne to participate in the SAFE Unit, pursuant to 55 ILCS 5/3-9005(b), prior to the Plaintiff's arrest and participated in the day-to-day operations of the SAFE Unit under the direction of Towne. That Jauch during his employment with SAFE was presumably paid by the LaSalle County State's Attorney and took direction directly from Towne or other employees of the LaSalle County State's Attorney's office and with equipment that was supplied to him by Towne's office and thereafter undertook engaging in drug interdiction on the roads and highways of LaSalle County. Jauch represented himself to members of the public, including the Plaintiff, that he had legal authority to exercise all police powers including power to make routine traffic stops on the roads and highways of the LaSalle County and legal authority to stop, search, arrest and interview persons, including the Plaintiff traveling on the roads and highways of LaSalle County. 55 ILCS 5/3-9005(b) did not authorize any of the acts that resulted in the Plaintiff being wrongfully stopped, taken into custody and interviewed and eventually arrested and incarcerated.

FACTS-FLYNN

11. That on March 12, 2013 the Plaintiff, Matthew P. Flynn, was a passenger in t a Chevrolet Sonic traveling eastbound on Interstate 80 and at

6

approximately 10:21 am the vehicle was being driven by Sameer A Issa and was stopped by Gaither who represented himself to be a law enforcement officer with legal authority to stop, search, interrogate, detain, interview and arrest persons including the Plaintiff who were suspected of violating the laws of the state of Illinois.

12.     Gaither had the Plaintiff in custody and was detaining the Plaintiff when investigator Manicki and his K-9 partner arrived and did a free air search of the vehicle that was then being detained by Gaither and the vehicle was searched by Gaither with the assistance of Gillette, without the consent of the Plaintiff, after it was represented to the Plaintiff that the K-9 had alerted to the presence of contraband. The search resulted in the detection of the presence of 50 bundles of sealed cannabis.

13.     The Plaintiff was then transported to a police station, placed under arrest and then interviewed by Jauch in the presence of Gaither and following the interview the Plaintiff was charged with possession of cannabis a Class 1 felony and was detained in the LaSalle County Jail pending the setting of bond. The LaSalle County case number 2013-CF-144 was then assigned to the Plaintiff's criminal case on March 13, 2013 and bond was set at $1,000,000.00 on March 14, 2013 and the Plaintiff was not able to post the required bond for his release and remained in custody.

14.     The Honorable Judge Bute on November 27, 2013 granted a Motion to Suppress Evidence and Quash the Arrest, the basis of the Motion and the Court's decision was based upon the finding that Gaither, Gillette and

Jauch were not properly appointed and credentialed pursuant to 55 ILCS 5/3-9005 and the evidence was not properly obtained and the Plaintiff's arrest should be quashed.

15.     The Plaintiff was released from custody pursuant to Court order on December 5, 2013 and was thereafter allowed to return to the State of Massachusetts and thereafter has remained out of custody.

16.     The State filed a Certificate of Substantial Impairment on December 2, 2013 and the case was then appealed to the Third District Appellate Court who after the case was properly briefed and oral arguments were had issued a decision on June 3, 2015 affirming the decision of the trial court and specifically determined that 55 ILCS 5/3-9005(b) did not authorize Towne, "to equip his investigators with squad cars and ticket books for the purpose of patrolling the highways", of LaSalle County and that Towne did not have the legal authority to appoint special investigators to patrol the roads and highways of the county for the purposes of initiating traffic stops to perform drug interdiction.  2015 IL App 3rd 130253.

17.     The State of Illinois then filed a Petition for Leave to Appeal the case to the Illinois Supreme Court.  The Supreme Court accepted the PLA and after thorough briefing from all parties and oral argument affirmed the Third District Appellate Court in an opinion filed on June 29, 2017.  The Supreme Court found that 55 ILCS 5/3-9005(b), did not allow the State's Attorney to appoint investigators to make routine traffic stops on Interstate 80 for the purposes of engaging in drug interdiction and that

the appointment of Gaither, Gillette and Jauch for those purposes was

without legal authority and contrary to the Court's interpretation of 55

ILCS 5/3-9005(b) and was done without legal authority.

18.     The stopping, detaining, interrogation, interview, arrest, charging,

prosecuting and incarceration of the Plaintiff, Matthew P. Flynn, was in

violation of his Fourth and Fourteenth Amendment rights.


FACTS-PIRRO


19.     That on January 14, 2013 the Plaintiff, Steven Pirro , was a operating a

Subaru Outback traveling eastbound on Interstate 80 and at

approximately 8:10 am the vehicle was stopped by Gaither who

represented himself to be a law enforcement officer with legal authority

to stop, search, interrogate, detain, interview and arrest persons

including the Plaintiff who were suspected of violating the laws of the

state of Illinois.

20.     Gaither had the Plaintiff in custody and was detaining the Plaintiff when

investigator Manicki and his K-9 partner arrived and did a free air search

of the vehicle that was then being detained by Gaither and the vehicle was

searched by Gaither, without the consent of the Plaintiff, after it was

represented to the Plaintiff that the K-9 had alerted to the presence of

contraband.  The search resulted in the detection of the presence of 50

bundles of sealed cannabis.

9

21.     The Plaintiff was then transported to a police station, placed under arrest and then interviewed by Jauch in the presence of Gaither and following the interview the Plaintiff was charged with possession of cannabis a Class 1 felony and was detained in the LaSalle County Jail pending the setting of bond. The LaSalle County case number 2013-CF-37 was then assigned to the Plaintiff's criminal case on January 15, 2013 and bond was set at $1,000,000.00 on January 15, 2013 and the Plaintiff was not able to post the required bond for his release and remained in custody.

22.     The Honorable Judge Ryan on October 23, 2013 granted a Motion to Suppress Evidence and Quash the Arrest, the basis of the Motion and the Court's decision was based upon the finding that Gaither and Jauch were not properly appointed and credentialed pursuant to 55 ILCS 5/3-9005 and the evidence was not properly obtained and the Plaintiff's arrest should be quashed.

23.     The Plaintiff was released from custody pursuant to Court order on November 1, 2013 and was thereafter allowed to return to the State of Utah and thereafter has remained out of custody.

24.     The State filed a Certificate of Substantial Impairment on October 30, 2013 and the case was then appealed to the Third District Appellate Court who after the case was properly briefed and oral arguments were had issued a decision on June 3, 2015 affirming the decision of the trial court and specifically determined that 55 ILCS 5/3-9005(b) did not authorize Towne, "to equip his investigators with squad cars and ticket books for

the purpose of patrolling the highways", of LaSalle County and that

Towne did not have the legal authority to appoint special investigators to

patrol the roads and highways of the county for the purposes of initiating

traffic stops to perform drug interdiction. 2015 IL App 3rd 130253.

25.     The State of Illinois then filed a Petition for Leave to Appeal the case to

the Illinois Supreme Court. The Supreme Court accepted the PLA and

after thorough briefing from all parties and oral argument affirmed the

Third District Appellate Court in an opinion filed on June 29, 2017. The

Supreme Court found that 55 ILCS 5/3-9005(b), did not allow the State's

Attorney to appoint investigators to make routine traffic stops on

Interstate 80 for the purposes of engaging in drug interdiction and that

the appointment of Gaither, Gillette and Jauch for those purposes was

without legal authority and contrary to the Court's interpretation of 55

ILCS 5/3-9005(b) and was done without legal authority.

26.     The stopping, detaining, interrogation, interview, arrest, charging,

prosecuting and incarceration of the Plaintiff, Steven Pirro, was in

violation of his Fourth and Fourteenth Amendment rights.


## 42 USC SECTION 1983 ACTION 4th AMENDMENT VIOLATIONS AS GUARANTEED BY THE 14th AMENDMENT-FLYNN AND PIRRO


27.     The Plaintiffs restate and re-allege those allegations set forth above in

support of their claims.

11

28.     Gaither did not have any legal authority to stop the Plaintiffs' vehicles and the stops were made in violation of the Plaintiffs' 4th and 14th Amendment rights as guaranteed by the Constitution of the United States and the State of Illinois. The Plaintiffs' have a legal right to freely travel within and through the State of Illinois, which right was violated by the illegal stop by Gaither.

29.     Gaither did not have any legal authority to detain the Plaintiffs after the illegal stop on Interstate 80, and the detention was made in violation of the Plaintiffs' 4th and 14th Amendment rights as guaranteed by the Constitution of the United States and the State of Illinois. The Plaintiffs' right to be free from unreasonable detention in the State of Illinois was violated by the illegal stop and detention thereafter by Gaither and Gillette.

30.     Gaither did not have any legal authority to interrogate the Plaintiffs after the illegal stop on Interstate 80, and the interrogation was made in violation of the Plaintiffs' 4th and 14th Amendment rights as guaranteed by the Constitution of the United States and the State of Illinois. The Plaintiffs' rights to be free from custodial interrogation with out legal authority in the State of Illinois was violated by the illegal stop, detention and interrogation thereafter by Gaither and/or Gillette.

31.     Neither Gaither nor Gillette had any legal authority to take the Plaintiffs into custody after the illegal stop on Interstate 80, and taking them into custody was done in violation of the Plaintiffs' 4th and 14th Amendment

rights as guaranteed by the Constitution of the United States and the State of Illinois.

32.     Jauch did not have legal authority to detain the Plaintiffs and conduct any interrogation of them while illegally in custody after the illegal stop, detention and custodial interrogation by Gaither and/or Gillette and the interrogation by Jauch was done in violation of the Plaintiffs' 4th and 14th Amendment rights as guaranteed by the Constitution of the United States and the State of Illinois.

33.     The Plaintiffs were arrested and charged by Gaither and/or Gillette and/or Jauch at the instruction of an agent and or employee of Towne's office and that the arrest was illegal after the illegal stop on Interstate 80, and the arrest of the Plaintiffs were done in violation of the Plaintiffs' 4th and 14th Amendment rights as guaranteed by the Constitution of the United States and the State of Illinois.

34.     The Plaintiff, Flynn, remained incarcerated in the LaSalle County Jail until December 5, 2013 and his incarceration from March 12, 2013 until the date of his release, Plaintiff, Pirro, remained incarcerated in the LaSalle County Jail until November 1, 2013 and his incarceration from January 14, 2013 these incarcerations were illegal and without legal authority and/or justification after the illegal stop on Interstate 80, and the arrests and incarcerations of the Plaintiffs were done in violation of the Plaintiffs' 4th and 14th Amendment rights as guaranteed by the Constitution of the United States and the State of Illinois.

35.     The Plaintiff, Flynn,  was illegally deprived on his liberty and freedom

from March 12, 2013 until December 5, 2013 and Plaintiff, Pirro, was

illegally deprived on his liberty and freedom from January 14, 2013 until

November 1, 2013, and both Plaintiffs are entitled to be compensated for

the wrongful stop, detention, arrest, charge and incarceration as well as

their lost wages during the period of incarceration and/or lost

opportunities to earn income during the period of time of incarcerations

as well as emotional distress and mental suffering caused as a result of

the illegal acts of the Defendants in this matter from the dates of their

respective arrests until the date of the dismissals of the respective cases.

The Plaintiffs are further entitled to receive as damages in this case the

attorney's fees paid to defend the wrongfully filed action and to prosecute

this action.

36.     The Defendants intentionally and without any legal authority has

deprived the Plaintiff, Flynn of his liberty and freedom from March 12,

2013 until December 5, 2013 and Plaintiff, Pirro, from January 14, 2013

until November 1, 2013, and both Plaintiffs are entitled to be

compensated for the wrongful stop, detention, arrest, charge and

incarceration as well as his lost wages during the period of incarceration

and/or lost opportunities to earn income during the period of time from

the time of their arrests until their respective releases as well as

emotional distress and mental suffering caused as a result of the illegal

acts of the Defendants in this matter from the dates of their respective

arrests until September 27, 2017 when the case was dismissed and the actions of the Defendants were deliberate and intentional or were alternatively done with reckless and callus indifference for the 4th and 14th Amendment rights of the Plaintiff and the Plaintiff is therefore entitled to punitive damages from all Defendants.

37.     All of the acts and/or omissions set forth above have been performed by the Defendants while either employed by or acting with authority from LaSalle County and/or Towne acting as an agent and/or employee of LaSalle County as LaSalle County State's Attorney with full approval from and/or authority granted by LaSalle County body politic and the above stated acts were the de facto acts of LaSalle County through direct or indirect approval and grant of authority to the named Defendants to perform the illegal and unconstitutional acts set forth herein above.

38.     LaSalle County body politic is liable for any judgments entered against any of the named Defendants for compensatory and/or punitive damages as well as attorney fees.

Wherefore the Plaintiffs, Matthew P. Flynn and Steven Pirro, pray judgment against Defendants, LaSalle County, Brian Towne, Karen Donnelly, Jeffrey Gaither, Daniel Gillette, and Edward Jauch for compensatory damages, punitive damages, attorney fees and court costs as set forth herein above.

/s/ Louis L. Bertrand
Louis L. Bertrand
Attorney for the Plaintiffs

Louis L. Bertrand
ARDC # 6187917
Bertrand Law Office P.C.
613 First Street Ste 100
LaSalle, IL  61301
(815) 224-4429
FX (815) 224-7409
Louis.bertrand@bertrandlaw.net